IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   20-CV-2619

GROWCENTIA, INC.

    Plaintiff,

v.

JEMIE B.V.

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Growcentia, Inc. ("Growcentia"), brings this action seeking declaratory relief against Defendant Jemie B.V. ("Jemie") and alleges in support, as follows:

### INTRODUCTION

1. Growcentia is a well-recognized and respected Colorado-based company that produces science-based solutions for cannabis and hemp cultivators under its recognizable MAMMOTH product line. These products, which have enjoyed widespread usage and success, help growers produce high-quality, safe products for consumers.

2. Earlier this year, Growcentia added a new product to its MAMMOTH line called CANNCONTROL. This CANNCONTROL product is specially formulated fungicide and pesticide to help cultivators grow cannabis (for ultimate use as hemp or marijuana). The CANNCONTROL product is always packaged and sold with Growcentia's recognizable and unique MAMMOTH mark.

3. Defendant Jemie, which purports to own several CANNA and "CANNA-formative" trademarks for goods and services in the cannabis field, sent Growcentia a letter demanding that it abandon its pending CANNCONTROL trademark application, and forever refrain from using that name in the field of plant cultivation.

4. Jemie's assertions of exclusive and expansive rights in the word "canna" – which is simply a shortened reference to cannabis and ubiquitous throughout the cannabis industry – is akin to an entity claiming exclusive and expansive rights in the term "auto" throughout the automotive industry. Even if Jemie had such expansive rights, which it does not, there is no meaningful overlap between Growcentia's CANNCONTROL for pesticides/fungicides and Jemie's CANNA or CANNA-formative marks for nutritional supplements or growth stimulators that would lead to consumer confusion. The CANNCONTROL product is used to protect plants from fungi, and pests without claiming to otherwise supplement plant growth, while the CANNA products are used to stimulate and promote plant growth without claiming to combat fungi and pests. This absence of potential confusion is underscored by the fact that Growcentia has been using the CANNCONTROL mark for months without a single known instance of confusion.

5. Given the actual controversy that has arisen as a result of Jemie's overreach, Growcentia has brought this action seeking a declaration that it is not infringing Jemie's alleged trademark rights.

**PARTIES**

6. Growcentia is a Delaware corporation with its principal place of business in Fort Collins, Colorado.

7. On information and belief, Jemie is a Dutch limited liability company with its principal place of business located in Oosterhout, Netherlands.

## JURISDICTION AND VENUE

8. This action arises under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1051, *et seq*. and the U.S. Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1119 and 1121 (the Lanham Act), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Further, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367.

10. Upon information and belief, this Court has personal jurisdiction over Jemie, as it has purposely directed substantial commercial activities in this State and derives substantial revenue from substantial, continuous, and systematic business activities, including interstate commerce, directed in this State and District. On information and belief, this conduct includes dealership agreements with approximately ten retailers of Jemie's products in this District. On information and belief, Jemie has no less than 4 "Preferred Dealers" located in this State and District. By virtue of these actions, Jemie has purposefully availed itself of the privilege of conducting business in this State and in this District and is subject to jurisdiction in this Court under Colo. Rev. Stat. § 13-1-124.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

12. An actual case or controversy exists between the parties. Jemie has alleged that, Growcentia's CANNCONTROL mark and products are likely to cause consumer confusion with Jemie's CANNA and CANNA-formative marks in the United States. As a result, Jemie has

3

asserted that Growcentia's CANNCONTROL mark infringes upon its purported exclusive rights and trademarks. Jemie has attempted to restrict and limit Growcentia's marketing and sales of goods containing its CANNCONTROL mark. Growcentia disputes Jemie's contentions and asserts that Jemie's purported area of "exclusive rights" is far more narrow than Jemie asserts, and that the manner in which Growcentia will and does market, advertise, and promote its CANNCONTROL products will not cause confusion or otherwise infringe any trademarks or other rights of Jemie. In order to vindicate its right to obtain trademark protection for CANNCONTROL, sell goods under this name, and ensure that Growcentia can continue to provide its customers with quality pest, fungi, and mold control without the threat of future trademark infringement claims, Growcentia has brought this action for declaratory relief.

### FACTS SUPPORTING CLAIMS FOR DECLARATORY RELIEF

**A. Growcentia, Its MAMMOTH Product Line, and New Addition, CANNCONTROL**

13. Growcentia was founded in 2015 by a team of three Colorado State University soil microbiologists with PhD degrees. Growcentia's founders shared a passion for enhancing soil health and promoting sustainable agriculture. Using innovative proprietary technology, this team developed an approach to identify and apply nature's microbes to promote optimal cannabis cultivation.

14. For the past five years, Growcentia has helped growers and farmers maximize and enhance plant health, quality, and yields while minimizing environmental impacts of agriculture.

15. Growcentia's technology has been extensively tested by growers and farmers around the world, and by leading US academic institutions, and is proven by these institutions and

4

independent labs to be effective. All of Growcentia's production is done in-house, in Fort Collins, Colorado, to ensure the highest quality control.

16. Growcentia has been selling its products under its Mammoth® product line. This product line includes the MAMMOTH P, MAMMOTH Biocontrol, and more recently MAMMOTH CANNCONTROL. Each of these products is exclusively sold in combination with prominently placed MAMMOTH marks:



17. Growcentia has extensive common-law and federal rights in its MAMMOTH products and related services, including the Registration Nos. 5909675, 5878115, 4953179, and Serial No. 88188515 for MAMMOTH, No. 5879116 for MAMMOTH MICROBES, and No. 4953178 for NUTRIENT LIBERATOR.

5

18. Earlier this year, Growcentia added another product to the MAMMOTH line called CANNCONTROL.  Growcentia's CANNCONTROL product is formulated to eliminate fungus, mites, and insects from cannabis and hemp plants.

19. Growcentia filed an intent-to-use trademark application for CANNCONTROL in February, 2020.  Subsequently, Growcentia began to actually use the mark CANNCONTROL in commerce.

**B. Jemie Demands that Growcentia Abandon the CANNCONTROL Application based on Inflated Rights and Threats of Litigation**

20. On or about July 28, 2020, Jemie sent Growcentia a letter demanding that Growcentia expressly abandon its CANNCONTROL application and "[n]ever seek to register or use the CANNCONTROL name or mark, or any other name, mark, or domain name incorporating CANN or CANNA" for goods or services related to seed or plant cultivation, nutrition, growth, or care.  A true and correct copy of Jemie's July 28 letter is attached hereto as Exhibit A.

21. Jemie's basis for its demand was a purported catalog of registrations for CANNA and CANNA-formative marks, including Registration Nos. 5129939 and 5038951 CANNA and design, No. 4986807 for CANNATALK, No. 5399941 for CANNABOOST, No. 5399942 for CANNA START, and No. 5389880 for CANNAZYM.  Each mark is related to plant growth.  Jemie asserted that its trademarks gave it the "exclusive right to use the CANNA and CANNA-formative marks in the United States in connection with these goods and services."

22. Jemie stated that it was "prepared to take action to protect its trademark rights" and provided examples of actions brought against perceived threats in U.S. District Court, as well as before the Trademark Trial and Appeal Board.

6

23. However, Jemie's letter exaggerated the extent of its purported rights in the term "canna," the scope of its trademarks, and the overlap between the CANNCONTROL and any CANNA mark.

    *i.    CANNA is a descriptive or suggestive derivative of the word "cannabis."*

24. First, all of Jemie's CANNA and CANNA-formative marks are based on the word "canna" which is derived from "cannabis" or "cannabinoids" - the chemicals found in the cannabis plant. CANNA and CANNA-formative words are descriptive or suggestive of products or services related to the cannabis industry, including those in cultivating cannabis. In fact, there are hundreds – and possibly even thousands – of products and brands using the name "canna" or canna-formative words in the cannabis industry. For example, there are numerous cannabis related websites providing information on cannabis products and cultivation, as well as cannabis industry services with the name "canna," such as: Canna Paid (https://cannapaid.com/ ); CannaSaver (https://www.cannasaver.com/); CannaPages (https://cannapages.com/saver/coupons/search); CannaBox (https://www.cannabox.com/); Canna Basics (https://www.cannabasicsusa.com/ ); and Canna Cultivation (http://www.canna-cultivation.com/).

25. Cannabis retailers with the name "canna" are spread across the country, including: The Canna Cabinet (https://www.thecannacabinet.com/?sid=869012); Canna City (https://www.cannacity.us/?sid=868843); Canna West Seattle (https://cannawestseattle.com/); Canna Harbor (https://weedmaps.com/dispensaries/elevate-harbor-city); Canna4Life (https://canna4life.com/); Locals Canna House (https://localscannahouse.com/); and Canna Culture (https://cannaculturecollective.com/).

7

26.     There are also countless cannabis brands and products using the name "canna", including the brands California Canna (https://californiacanna.com/), Canna Hemp (https://cannahemp.com/?v=b0c4bc877c29), Cannabursts, Canna Delights, Canna Magic, Captain Canna, Canna Elixirs, Sublime Canna, Canna Sierra, (*see* https://www.leafly.com/search?q=canna&lat=44.9402&lon=-93.2188&tab=brand&page=2#top and https://www.leafly.com/search?q=canna&lat=44.9402&lon=-93.2188&tab=product&page=2#top).

27.     On information and belief, the CANNA name was chosen by Jemie to describe or suggest its affiliation with the cannabis industry.  CANNA's own website describes its products as being "designed for the cultivation of cannabis":

> Originally CANNA is a Dutch company that developed and marketed fertilizers, additives and growing mediums that were designed for the cultivation of cannabis. From the nineties on CANNA started pushing its successful growing concept across numerous countries worldwide. Each country deserves its own approach, in line with the local market conditions. Because of our extensive knowledge and experience we are capable of serving a large number of audiences that grow a large variety of crops.

https://www.canna.ca/cannabis (last accessed August 24, 2020).

28.     Consumers have likewise associated CANNA products with the cultivation of cannabis. Posts on Cannabis Grow Guide and Happy Pot Farmer review and describe CANNA products for cultivating hemp and marijuana.  *See* https://www.cannabisgrowguide.org/canna-coco-nutrients-feeding-guide, http://happypotfarmer.com/how-to-use-cannaboost.

29.     The extensive use of the word "canna" linked with the cannabis industry, including cultivation, narrow Jemie's rights in its purported CANNA and CANNA-formative marks. Similarly, the word "cann" has also been used in relation to cannabis related products, including

in the biocide field.  For example, Cann-Care Company markets an insecticide under the registered mark, CANN-CARE, further narrowing Jemie's rights in that space.

> ## ii.     *The goods and services associated with the CANNA marks expressly exclude those goods and services associated with the CANNCONTROL mark.*

30.     Second, Jemie's narrow marks are for different classes of goods than Growcentia's CANNCONTROL mark.  Jemie's CANNA and CANNA-formative marks are used to promote or stimulate growth, and none of the goods or services associated with those marks apply to fungicides, pesticides, or herbicides or other forms of plant protection.

31.     In fact, Jemie's CANNA marks (Nos. 5129939 and 5038951) are for "Chemicals used in agriculture, horticulture and forestry except fungicides, herbicides, insecticides and parasiticides…."  Nos. 5399941, 5399942, and 5389880 are limited to plant growth stimulators, nutrients, and enzymes.

32.     To the contrary, the goods and services for Growcentia's CANNCONTROL mark are, "Pesticides; biopesticides; agricultural pesticides; agricultural biopesticides; fungicides; biofungicides; agricultural fungicides; agricultural biofungicides, biocides, agricultural biocides; insecticides; bioinsecticides; agricultural insecticides; agricultural bioinsecticides; nematicides; bionematicides; agricultural nematicides; agricultural bionematicides; bactericides; biobactericides; agricultural bactericides; agricultural biobactericides."

33.     Growcentia's CANNCONTROL product is conspicuously labeled "fungicide and insecticide" right on its label:

9



34.     Jemie's CANNA marks explicitly exclude those goods and services associated with Growcentia's CANNCONTROL mark. Jemie is now attempting to use threats of litigation to secure domain over classes of goods that it expressly abandoned before the U.S. Patent and Trademark Office. This is improper.

   iii.     *CANNCONTROL is exclusively used with Growcentia's MAMMOTH marks.*

35.     Even if there were some meaningful overlap of CANNCONTROL's goods and services with those of CANNA and the CANNA-formative marks, the marks themselves are different, and manner in which they are used dispel any possibility of consumer confusion.

36.     To start, CANNCONTROL does not use the mark CANNA in it. Instead it begins with the letters c-a-n-n, without a second "a." In a market with numerous brands, products, and services provided under the prefix "canna," this difference results in a large distinction between Growcentia's and Jemie's marks. Further, there are no similarities with CANNATALK, CANNABOOST, CANNA START, or CANNAZYM aside from the first four letters c-a-n-n.

10

37. In addition, Growcentia's CANNCONTROL mark is exclusively used with its registered and recognizable MAMMOTH marks. The product labels also contain the registered Mammoth Design. The term CANNCONTROL only appears beneath these two distinctive and recognizable features:

 

38. The contents of the product label and placement of the term CANNCONTROL obviate any possible confussion between Growcentia's products and those of Jemie.

39. Growcentia is not aware of *any* instance where a consumer confused its CANNCONTROL product with those of Jemie, and Jemie has not provided evidence of any such instances.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of Trademark)**

40. Growcentia repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

11

41. Jemie has accused Growcentia and its CANNCONTROL product of being likely to cause confusion with, i.e. infringing, Jemie's alleged trademarks in products and services relating to CANNA and CANNA-formative marks. There is therefore substantial uncertainty as to whether Growcentia can offer such product for sale and distribution or pursue its registration of the mark CANNCONTROL.

42. Growcentia has been using the mark for several months and Jemie has demanded that it cease and desist from any use of the CANNCONTROL mark. Not only has Jemie advised that it has taken action on multiple occasions against alleged infringers, it has notified Growcentia that if it fails to agree to Jemie's demand of ceasing future use of the mark, it reserves the right to take action without further notice.

43. An actual justiciable controversy exists by way of the credible threat of immediate litigation if Growcentia does not cease and desist from (1) pursuing its application to register CANNCONTROL with the U.S. Patent and Trademark Office or (2) using the CANNCONTROL name or mark.

44. For the reasons stated herein, Growcentia asserts that its application to register CANNCONTROL and use that mark in advertising, promoting, marketing, offering for sale, distributing and selling its fungicide and insecticide products in the manner described above, is not likely to cause confusion or mistake or deceive as to the source of any goods or services or as to any affiliation, connection, or association between Growcentia and Jemie trademarks.

45. Accordingly, Growcentia seeks a declaratory judgment from this Court that its application to register CANNCONTROL and use that mark in advertising, promoting, marketing, offering for sale, distributing and selling its fungicide and insecticide products in the manner

described above will not violate any trademark or other rights asserted by Jemie against Growcentia.

## PRAYER FOR RELIEF

WHEREFORE, Growcentia, Inc. requests that the Court enter judgment in its favor as follows:

A. Declaring that Growcentia's application to register CANNCONTROL and/or use that mark in advertising, promoting, marketing, offering for sale, distributing and selling its fungicide and insecticide products in the manner described in this Complaint, will not violate any trademark or other rights asserted by Jemie against Growcentia; and,

B. Awarding such other further relief to which Growcentia may be entitled as a matter of law or equity, or which the Court deems just and proper.

Respectfully submitted this 28th day of August, 2020.

DORSEY & WHITNEY LLP

  s/  Greg S. Tamkin
Gregory S. Tamkin
DORSEY & WHITNEY LLP
tamkin.greg@dorsey.com
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone:  (303) 629-3400
tamkin.greg@dorsey.com

*ATTORNEYS FOR PLAINTIFF
GROWCENTIA, INC.*