## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02619-WJM-NYW

GROWCENTIA, INC.,

      Plaintiff,

v.

JEMIE, B.V.,

      Defendant.

---

## ORDER DENYING MOTION TO STAY

---

Magistrate Judge Nina Y. Wang

      This matter comes before this court on Defendant Jemie, B.V.'s ("Defendant" or "Jemie") Motion to Stay Discovery Pending Resolution of its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction and 12(b)(5) for Insufficient Service of Process (the "Motion to Stay" or "Motion"), filed December 9, 2020.  [#30].  The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b) and the Memorandum dated December 14, 2020, [#31], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion and associated briefing, the applicable case law, and being otherwise advised in its premise, this court **DENIES** the Motion to Stay.

## BACKGROUND

      This declaratory judgment action arises from Plaintiff Growcentia, Inc.'s ("Plaintiff" or "Growcentia") attempts to trademark its CANNCONTROL mark.  *See generally* [#1].  According to Plaintiff, it is a Delaware corporation with its principal place of business in Fort Collins, Colorado, whose CANNCONTROL product is a "specially formulated fungicide and pesticide to help cultivators grow cannabis (for ultimate use as hemp or marijuana)."  [*Id.* at ¶ 2]; *see also* [*id.*

at ¶¶ 6, 13-19].  Upon use of the CANNCONTROL mark, Growcentia received a demand letter from Defendant, a foreign business entity, requesting that Plaintiff abandon its application for the CANNCONTROL mark and to cease using the mark because the mark allegedly infringed on Defendant's exclusive rights to the CANNA and CANNA-formative marks.  *See* [*id.* at ¶¶ 3-4, 7, 12, 20-23].  As a result, Growcentia initiated this civil action seeking a declaration that its CANNCONTROL mark does not infringe on Jemie's CANNA and CANNA-formative marks on August 28, 2020.  *See* [#1].

On November 5, 2020, Jemie filed its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction and 12(b)(5) for Insufficient Service of Process (the "Motion to Dismiss").  [#23].  Jemie contends in the Motion to Dismiss that it is not subject to general or specific personal jurisdiction in this District and Plaintiff improperly served a distantly related corporate entity instead of Jemie.  *See generally* [*id.*].  Nearly a month later, this court converted the Scheduling Conference to a Status Conference, discussed the Parties' agreement regarding jurisdictional discovery,[1] set a briefing schedule on Defendant's instant Motion to Stay, and reset the Scheduling Conference for January 26, 2021.  *See* [#27].  Jemie filed the instant Motion on December 9, 2020, requesting that the court stay discovery pending the disposition of its Motion to Dismiss.  *See* [#30].  Plaintiff opposes the request.  *See* [#32].  Because the Motion is ripe, I consider the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the rules of procedure 'shall be

---

[1] Per the Parties' agreement, Jemie will respond to Plaintiff's jurisdictional discovery requests by January 25, 2021.  *See* [#29].

construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

### I.    "Preliminary Peek" at Merits of Motion to Dismiss

As an initial matter, this court addresses the Parties' various arguments related to the perceived strength of the pending Motion to Dismiss. [#30 at 1; #32 at 3-7; # 36 at 1-2]. There is no authority from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") that requires a court to take a "preliminary peek" at the merits of the Motion to Dismiss. *See Bacote v. Fed. Bureau of Prisons*, No. 17-CV-03111-RM-NRN, 2019 WL 5964957, at *2 (D. Colo. Nov. 13, 2019). Unlike in other circumstances where the Motion to Dismiss is before the Magistrate Judge for Recommendation or disposition, the Motion to Dismiss in this action remains before the presiding judge, the Honorable William J. Martinez. Thus, this court declines to pass on the potential merits of the Motion to Dismiss. *See Estate of Thakuri by & through Thakuri v. City of*

3

*Westminster,* No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at \*2 (D. Colo. Dec. 12, 2019) (declining the invitation to pass on the merits of the pending motion to dismiss because it would negate the entire purpose of the motion to stay and inappropriately usurp the District Judge's authority to determine the merits of the motion to dismiss).

## II.     *String Cheese Factors*

*Plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay*.  Jemie argues first that a stay is warranted because Growcentia will not suffer prejudice from a stay, given that Growcentia does not seek injunctive relief or accruing damages and delayed adjudication of Plaintiff's claims does not equate to prejudice.  [#30 at 3-4; #36 at 4-6].  According to Jemie, if Plaintiff seeks expedited relief, it can simply dismiss this matter, refile it in a District having personal jurisdiction over Jemie, and properly serve Jemie under the Hague Convention.  *See* [#30 at 4; #36 at 2, 5].  Growcentia counters that a stay will cause it prejudice because a stay will unduly delay these proceedings and will force Plaintiff to consider rebranding its CANNCONTROL in the interim.  *See* [#32 at 8-9].

Ultimately, this court agrees that a stay could prejudice Plaintiff's interest in proceeding with this matter expeditiously, especially given Plaintiff's allegations that Jemie has demanded Plaintiff abandon its attempts to trademark its CANNCONTROL product and depending upon the timing of the adjudication of the Motion to Dismiss.  *See Chavez*, 2007 WL 683973, at \*2 (concluding that granting a stay pending resolution of Defendant's Motion to Dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences.").  In addition, some of the issues that Defendant raises to justify deferring discovery, i.e., likely witnesses and documents located in the Netherlands and subject to European Union data privacy protections—present potential delays in and of themselves.  *See e.g.*, *Tiffany (NJ) LLC v. Andrew*,

No. 10 CIV. 9471 RA HBP, 2012 WL 5451259, at *2 (S.D.N.Y. Nov. 7, 2012) (observing that delays are inherent in international discovery proceedings).  Delaying the commencement of even planning for international discovery simply compounds the potential prejudice to Plaintiff.  Thus, this factor weighs against a stay of discovery.

       ***Burden on Defendant***.  Second, Jemie argues that it will be unduly burdened in the absence of a stay, because its Motion to Dismiss may be dispositive of this action and proceeding with costly discovery in the interim (with foreign witnesses and documents) may be wasteful.  *See* [#30 at 4-5; #36 at 6-7].  Jemie further argues that the court should resolve the jurisdictional issues, issues which it has agreed to some discovery on, before allowing wholesale discovery.  *See* [#30 at 4-5; #36 at 6-7].  To be sure, "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted," *String Cheese Incident, LLC*, 2006 WL 894955 at *2, and courts are more likely to grant a motion to stay when a motion to dismiss raises jurisdictional issues, *Morrill v. Stefani*, No. 17-CV-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (staying discovery pending outcome of Motion to Dismiss based on personal jurisdiction and improper venue).  But courts remain hesitant about granting indefinite stays of discovery pending the outcome of a Motion to Dismiss based on personal jurisdiction.  *See, e.g.*, *Kennedy v. McCormick*, No. 12-CV-00561-REB-MEH, 2012 WL 1919787, at *2 (D. Colo. May 24, 2012) (granting temporary stay of discovery pending outcome of Rule 12(b)(2) Motion to Dismiss); *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10-CV-00824-REB-MEH, 2011 WL 1482942, at *3 (D. Colo. Apr. 19, 2011) (same).

       Nor is this court convinced that the burden on Defendant by proceeding with discovery now is extraordinary.  *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL

4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here.").  Jemie does not argue that it is not subject to personal jurisdiction anywhere in the United States.  *See* [#30; #36].  Indeed, in its cease and desist letter to Growcentia, attached as Exhibit A to the Complaint, Jemie asserts that "well prior to the filing date of Growcentia's application to register, Jemie, through its licensees, began to manufacture and sell throughout the United States an extensive line of fertilizers, nutrients, stimulators, fungicides, herbicides, and related products and services under the CANNA name and mark."  [#5 at 1 (emphasis added)].  Jemie also asserts it owns a trademark portfolio including registered United States trademarks, that may only reach conduct implicating commerce within the United States.  *See Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 967 (9th Cir. 2016) (observing that Congress, through the Lanham Act, cannot regulate trademark infringement that occurs entirely outside of the United States' borders).

The logical extension of these principles is that there is some federal court in the United States, the District of Colorado or otherwise, that has personal jurisdiction over Jemie and discovery in such court will be governed by the same Federal Rules of Civil Procedure.  In fact, Jemie cites to its own actions in the United States District Court for the District of Illinois in its cease and desist letter.  [#5 at 4].  Thus, this factor weighs against a stay.

*Additional Factors*.   Finally, neither the convenience to the court nor the interests of nonparties and the public warrant a stay of this matter.  Although this court acknowledges that discovery in this matter may be extensive and could result in several disputes for this court's consideration, these possibilities do not outweigh the court's determination that it is most efficient to move forward without a stay.  Should discovery disputes arise, the Parties shall adhere to the

undersigned's procedures for scheduling informal discovery dispute resolutions.  Relatedly, while the public may have an interest in not wasting court resources, this court is not convinced that such is the case here, and as discussed above, a stay is not warranted merely because Jemie believes in the success of its Motion to Dismiss.  *See Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at \*3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case").  Further, it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, these factors neither favor nor weigh against a stay.

In sum, the *String Cheese* factors do not weigh in favor of staying this action pending resolution of Defendant's Motion to Dismiss.  I therefore conclude that a stay is not warranted.

**CONCLUSION**

For the reasons stated herein, **IT IS ORDERED** that:

(1)      Defendant's Motion to Stay [#30] is **DENIED**; and

(2)      The Telephonic Scheduling Conference set for **January 26, 2021** at **1:00 p.m. REMAINS SET**.

DATED: January 5, 2021                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge